# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

MATTHEW McCASKILL,

                       Plaintiff,

    -v.-                                                  7:13-CV-238
                                                                (LEK/ATB)

SHOPRITE SUPERMARKET, et al.,

                       Defendants.

MATTHEW McCASKILL, Plaintiff, pro se
MARK DIANA, ESQ., Attorney for Defendants ShopRite and Ausiano

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION and ORDER

Presently before the court is an amended complaint, filed by plaintiff in accordance with the order of the Honorable Lawrence E. Kahn, Senior U.S. District Court Judge, dated July 24, 2013. (Dkt. Nos. 47, 48). On July 24, 2013, Senior Judge Kahn granted defendants ShopRite's and Ausiano's motion to dismiss portions of plaintiff's original complaint and denied plaintiff's six[1] motions to amend. (Dkt. No. 47). The order further allowed plaintiff one more opportunity to move to amend his complaint in accordance with the legal principles discussed in Senior Judge Kahn's order. (Dkt. No. 47 at 28). For the following reasons, this court finds that plaintiff has failed to comply with Senior Judge Kahn's order. Therefore, I will order denial of plaintiff's "motion" to amend, and in accordance with Judge Kahn's direction, will

---

[1] There were actually seven motions to amend. Plaintiff filed his first motion to amend prior to the filing of defendants' motion to dismiss, but I ordered the motion denied and the amended complaint stricken because the documents were not in the proper form and could not be filed as plaintiff intended because the motion was not in the proper form, and the document was not a "complete" pleading as required under the Local Rules. (Dkt. Nos. 19, 20).

order dismissal of the amended complaint with prejudice.

## DISCUSSION

### I. Facts and Procedural History

Plaintiff filed his original complaint on March 4, 2013. (Dkt. No. 1). Plaintiff filed the original complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"),[2] loosely alleging that defendant ShopRite Supermarket discriminated against him because of his race, sex, and "insubordination." (Compl. at ¶¶ 4, 6). Plaintiff alleges that he was terminated from his job as a result.[3]

After noting various deficiencies in the complaint, I granted plaintiff's motion to proceed in forma pauperis ("IFP") and ordered service of the complaint due to the liberality with which pro se complaints must be treated. *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citing *inter alia Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Only defendants ShopRite and Ausino appear to have been served in this case, and they have appeared through counsel.

On May 6, 2013, defendants ShopRite and Ausiano filed a motion to dismiss plaintiff's common law claims of Intentional Infliction of Emotional Distress ("IIED") and Defamation. (Dkt. No. 22). After the motion to dismiss was filed, plaintiff began a barrage of motions to amend. (Dkt. No. 24, 25, 34, 35, 36, 43). In his lengthy July 24, 2013 order, Senior Judge Kahn denied all of plaintiff's motions to amend and

---

[2] 42 U.S.C. § 2000e *et seq*.

[3] Plaintiff is currently incarcerated at Riverview Correctional Facility. It does not appear that his incarceration is in any way related to this action.

2

granted the defendants' motion to dismiss the plaintiff's common law claims with prejudice. At the end of Senior Judge Kahn's order, he gave plaintiff one more chance to file a proper motion to amend his complaint, which would include a proposed amended complaint for the court's review. Judge Kahn also reviewed each of plaintiff's prior proposed amended complaints and found that all but one claim were subject to dismissal "with prejudice." (Dkt. No. 47 at 28-29).

In the order, Judge Kahn stated that if plaintiff made a motion to amend, he could ***not*** seek to join UFCW Local ("the Union") or Melissa Stiles as defendants. (Dkt. No. 47 at 28). The order further stated that plaintiff could ***not*** bring a Title VII hostile environment claim or an IIED claim against "Defendants." (*Id.*) Judge Kahn stated that the "motion" must comply with Fed. R. Civ. P. 15 and Local Rule 7.1(a)(4) in that a motion to amend must be accompanied by a complete proposed amended complaint which includes all the claims plaintiff wishes to bring and any facts that he wishes to allege. (*Id.*)

## II. <u>Legal Standards</u>

Fed. R. Civ. P. 15(a) provides that the court should grant leave to amend "freely . . . when justice so requires." While a pro se plaintiff's submissions are to be afforded the greatest liberality,[4] a motion to amend may be denied where it appears that granting leave to amend is unlikely to be productive or the amendment is futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

---

[4] *Burgos, supra.*

### III. Amended Complaint

Judge Kahn has already reviewed several of plaintiff's proposed amended complaints and has found most of the claims meritless and futile. He afforded plaintiff *one more opportunity* to move to amend to cure the deficiencies in the claims that were dismissed "without prejudice." Unfortunately, plaintiff has not heeded Judge Kahn's order. His latest document is not a "motion" to amend, it is simply an "amended complaint." (Dkt. No. 48). Even if the court were to excuse the fact that plaintiff did not make a proper "motion"[5] to amend, the document that he filed as the amended complaint did not cure any of the defects cited by Judge Kahn, and in fact, has simply repeated prior claims that Judge Kahn dismissed "with prejudice."

Although plaintiff has filed his amended complaint on a form for Title VII discrimination claims, he has now left blank the boxes that he must check, stating the discriminatory conduct. (Dkt. No. 48, ¶ 6). There is absolutely no indication what discrimination plaintiff is claiming. Judge Kahn stressed that the new amended complaint must be a "complete" pleading. (Dkt. No. 47 at 28). A complete pleading may not incorporate any facts or claims that plaintiff brought in his previous complaints.[6] Thus, plaintiff's failure to include the basis for his alleged

---

[5] The court also notes that plaintiff has not indicated that he has served defense counsel with this new document. This is also a deficiency that the court would excuse, however, there are multiple other reasons that this complaint should be dismissed with prejudice.

[6] Plaintiff has also failed to include his "right-to-sue" letter in this new amended complaint, although the court would have excused that deficiency.

4

"discrimination" makes the new amended complaint deficient on its face.[7]

### 1. Attempt to Revive Claims Dismissed With Prejudice

Judge Kahn denied *with prejudice* plaintiff's motion to add any claims of a hostile work environment against ShopRite.[8] (Dkt. No. 47 at 29). The "Second Cause of Action"[9] in plaintiff's new amended complaint is labeled "hostile environment." (Dkt. No. 48 at CM/ECF p.3). The claim reads as follows:

> I felt singled out [.] I was never offered any help with any of my job titles. They said I was slow and insufficient which caused my other peers and co-workers to distance them [sic] from me because of the lable [sic] that I was given.

(*Id.*) Plaintiff now seems to be claiming that he was "singled out" because he was slow and "insufficient." Although he may mean "inefficient," either way, singling an employee out because he is inefficient or slow is not a basis for employment discrimination under Title VII.

Judge Kahn also held that plaintiff could not bring a defamation claim against Melissa Stiles. (Dkt. No. 47 at 28). Plaintiff has done just that. In third cause of

---

[7] This is particularly true because the facts as now stated, make the basis for plaintiff's claims even more unclear in the context of a Title VII action. In his original complaint, plaintiff checked the boxes labeled "race" and "sex," although the fact in his new complaint do not mention either basis for discrimination. In fact, the only reason "sex" may be involved is that plaintiff alleges that "he" was fired because one of his co-workers accused him of sexual harassment.

[8] As I pointed out in my filing order, there is no action for Title VII violations against an individual such as defendant Ausiano. (Dkt. No. 9 at 3) (citing *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) (citations omitted); *Davis Bell v. Columbia Univ.*, 851 F. Supp. 2d 650, 687 (S.D.N.Y. 2012) (citations omitted).

[9] Although this cause of action is labeled "Second," there is no "First" cause of action in this amended complaint.

action, he writes, "defamation" and alleges that he was falsely accused of sexual harassment by Melissa Stiles. This claim cannot proceed in light of Judge Kahn's order.

### 2. Attempt to Amend Claim Dismissed Without Prejudice

Judge Kahn found that the only potentially viable claim was pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 against plaintiff's employer, ShopRite. In his amended complaint, plaintiff's first cause of action states that the *Union* did not help him when he was terminated. He states that the Union "took out union dues. *They* also [sic] breach of contract. Because I was terminated on allegation without a hearing and I was done with my probationary period. I had 77 days." (Dkt. No. 48 ¶ 9 at CM/ECF p.5). It appears that plaintiff is only referring to the Union as a defendant in this cause of action.

However, Judge Kahn found that plaintiff could not allege a claim against the Union under section 301 because plaintiff could not prove that the Union violated its duty of fair representation, an element of a "hybrid" section 301 claim. (Dkt. No. 47 at 18). Thus, in order to state a valid claim under section 301, plaintiff would have to make a claim against ShopRite for breach of the collective bargaining agreement ("CBA") that it had with the Union.

In this new complaint, plaintiff merely states that the Union breached its contract because plaintiff was terminated "on allegation" without a hearing. The CBA as cited by Judge Kahn in his decision states that "there shall be no suspension because of work performance, absenteeism and/or tardiness, without *prior written*

6

*notice having been given to the Union and the employee involved.*" (Dkt. No. 47 at 19). Plaintiff states that he was fired because he sexually harassed a female employee, "on allegation without a hearing." The CBA does not provide for a "hearing," only "notice" to the Union and the employee, and none of the reasons for termination or suspension listed in the agreement include "sexual harassment." Plaintiff has not stated a claim under section 301 against ShopRite by simply alleging "breach of contract" apparently against the Union on a Title VII form.

In any event, plaintiff seems to be claiming that the violation was that he did not get a hearing. The excerpt from the CBA does not require a hearing (only notice) and is not related to the reason for plaintiff's termination. Plaintiff has not succeeded in stating a viable cause of action against ShopRite. Judge Kahn's order was quite clear that plaintiff would only have one more chance to submit a viable complaint. Thus, in accordance with that order, plaintiff's motion to amend is denied, and plaintiff's action is dismissed with prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's "motion" to amend (Dkt. No. 48) is **DENIED**, and it is further

**ORDERED**, that in accordance with Judge Kahn's Order of July 24, 2013 order, this action is **DISMISSED WITH PREJUDICE**.

Dated: August 7, 2013

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge

7