UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW MCCASKILL,

      Plaintiff,

v.                                                       7:13-CV-00238 (BKS/ATB)

SHOPRITE SUPERMARKET,

      Defendant.[1]

_____

**Appearances:**

Plaintiff Pro Se
**Matthew McCaskill**
12-A-3613
Franklin Correctional Facility
62 Bare Hill Road
P.O. Box 10
Malone, NY 12953

For Defendant ShopRite Supermarket:
**Mark Diana and Jennifer A. Rygiel-Boyd**
Ogletree, Deakins Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, New York 10019

**Edward Cerasia, II**
Cerasia & Del Rey-Cone LLP
150 Broadway, Suite 1517
New York, NY 10038

---

[1] Dominic Ausiano was named as a party in the complaint but was subsequently dismissed. (Dkt. No. 9, p. 3; Dkt. No. 47, p. 1 n.1). The Court has amended the caption accordingly.

**Hon. Brenda K. Sannes, United States District Court Judge:**

MEMORANDUM-DECISION AND ORDER

I. INTRODUCTION

Plaintiff *pro se* Matthew McCaskill brings this action against defendant ShopRite Supermarket ("SRS") alleging that SRS wrongfully terminated his employment because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (Dkt. No. 1).[2] Before the Court is SRS's motion for summary judgment ("Def. MSJ"). (Dkt. No. 76). For the reasons that follow, the motion is granted.

II. BACKGROUND

  A.  Facts

   1.  The Record Before the Court

In support of its motion for summary judgment, SRS submitted a statement pursuant to Local Rule 7.1(a)(3) containing nineteen statements of fact, and each fact is properly supported by citations to the record, which includes sworn statements from two of its employees, related exhibits, and excerpts from plaintiff's deposition testimony. *See* Defendant's Statement of Material Undisputed Facts Submitted In Accordance with Local Rule 7.1(a)(3), Dkt. No. 76-2 ("Def. SMF"). SRS complied with Local Rule 56.2 by providing plaintiff with the requisite notice of the requirements of Local Rule 7.1(a) for a proper response to a summary judgment motion and the consequences of failing to submit a proper response. (Dkt. No. 76-1).

Plaintiff submitted a response to the summary judgment motion in which he disputed, in whole or in part, defendant's statements 1, 2, 4-6, 8-14, and 17-19; asserted a number of facts to the contrary; and annexed an unreferenced assortment of purported "Exhibits." *See* Plaintiff's

---

[2] While the complaint also alleges sex discrimination, plaintiff has admitted that he did not intend to assert a claim based on sex discrimination and that his only claim is based upon race. (Dkt. No. 76-9 ("McCaskill Dep."), pp. 25-26).

Response to Defendant's Statement of Material Facts, Dkt. No. 77 ("Pl. Response"). However, plaintiff neither cited any evidence in the record to support his assertions, as required by L.R. 7.1(a)(3), nor submitted any relevant evidence in admissible form in opposition to SRS's motion. *See* Fed. R. Civ. P. 56(c)(1)(A); N.D.N.Y. L.R. 7.1(a)(3) (defining the record for purposes of the statement of material facts as including the pleadings, depositions, answers to interrogatories, admissions and affidavits). While the Court is cognizant of the challenges faced when proceeding *pro se*, plaintiff has entirely failed to dispute defendant's facts based on admissible record evidence.

Under such one-sided circumstances, the Court may accept defendant's statement of facts as true where appropriate and supported by the record.[3] Nonetheless, while a court "is not required to consider what the parties fail to point out," the court may also in its discretion opt to conduct "an assiduous review of the record" even where a party fails to properly respond to the moving party's statement of material facts. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Accordingly, the facts set forth below are drawn from defendant's Statement of Facts,[4] and also the following: Certification of Dominic Ausanio, Dkt. No. 76-4 ("Ausanio Cert."); Certification of Shannon DeFreese, Dkt. No. 76-5 ("DeFreese Cert."); Plaintiff's Complaint ("Compl."); and available excerpts of Plaintiff's deposition, Dkt. No. 76-9 ("McCaskill Dep.").[5]

---

[3] *See Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996) (Even *pro se* litigants "should be on notice from the very publication of Rule 56(e) that a party faced with a summary judgment motion may not rest upon the mere allegations or denials of the party's pleading and that if the party does not respond properly, summary judgment, if appropriate, shall be entered against him.") (quoting *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988)); *Riehl v. Martin*, No. 13-CV-439, 2013 U.S. Dist. LEXIS 186610, at *12, 2014 WL 1289601, at *5 (N.D.N.Y Dec. 19, 2013) ("Where, as here, a party has failed to respond to the movant's statement of material facts in the manner required under N.D.N.Y. L.R. 7.1(a)(3), the facts in the movant's statement will be accepted as true (1) to the extent they are supported by evidence in the record, and (2) the nonmovant, if proceeding *pro se*, has been specifically advised of the possible consequences of failing to respond to the motion.").

[4] Citations to Defendant's Statement of Facts incorporate by reference the documents cited therein. All citations to the parties' submissions reference the page numbers generated and marked by the Electronic Case Filing system.

[5] Although the unsupported factual assertions contained in Plaintiff's Response to Defendant's Statement of Material Facts (Dkt. No. 77) and Sur-Reply (Dkt. No. 79) do not comply with Fed. R. Civ. P. 56(c), the Court has referenced the unsworn allegations therein where necessary for a full discussion.

### 2. Plaintiff's Employment at SRS

On or about February 2, 2012, defendant SRS hired plaintiff to work as a part-time frozen food clerk during the overnight shift at a new ShopRite store in Albany, New York. (Def. SMF, ¶ 1). Plaintiff is an African-American. (McCaskill Dep., p. 28). Dominic Ausanio was the Store Director of the Albany ShopRite and was involved in the hiring of employees. (Ausanio Cert., ¶¶ 2,4). Since the Albany store was not yet open when plaintiff's employment began, he was trained at the Niskayuna, Hudson, and Kingston stores. (Def. SMF, ¶ 7). In late March or early April of 2012, Mr. Ausanio "received negative feedback about [plaintiff's] job performance from the training teams." (Ausanio Cert., ¶ 7). Specifically, Mr. Ausanio was notified that plaintiff "was having trouble understanding how to tag prices and place items in the correct location on the shelves." (*Id.*). Mr. Ausanio also personally observed that "[de]spite being trained in professional customer relations, [plaintiff] did not greet customers and did not ask customers if they needed help." (*Id.*, ¶ 8).

On March 23, 2012, Melissa Stiles, a ShopRite cashier, reported that plaintiff was sexually harassing her. (DeFreese Cert., ¶ 4). Ms. Stiles stated that plaintiff "constantly called her phone and touched her" and also "threatened her." (*Id.*). On March 30, 2012, SRS Human Resource Coordinator Shannon DeFreese interviewed Ms. Stiles. (*Id.*, ¶ 5). Ms. Stiles reported that plaintiff repeatedly "described the sexual things he wanted to do her," stared at her, and "touched her near her breast while she was working," despite her rejection of his advances. (*Id.*, ¶ 5). Ms. Stiles also stated that plaintiff threatened her and that she was scared to go to work because of him. (*Id.*, ¶¶ 6-8). In early April 2012, Ms. DeFreese informed Mr. Ausanio that

plaintiff had violated SRS's policies concerning harassment and threats of violence. (Ausanio Cert., ¶ 9; DeFreese Cert., ¶ 9).[6]

### 3. Plaintiff's Termination

Based on plaintiff's violation of SRS's policies concerning harassment and threats of violence, and the negative feedback regarding his job performance, plaintiff's employment was terminated on or about April 12, 2012. (Def. SMF, ¶¶ 14, 16). Plaintiff was working at the Albany store at the time. (McCaskill Dep., p. 9). Mr. Ausanio informed plaintiff that "it wasn't working out," and he "wasn't a good fit for the company." (Ausanio Cert., ¶11).

On April 18, 2012, plaintiff filed a complaint with the New York State Division of Human Rights, alleging that SRS had discriminated against him by terminating his employment on account of his race or color. (Def. MSJ Exh. A, Dkt. No. 76-7, p. 2). Plaintiff also alleged that Caucasian employees were treated more favorably. (*Id*.). Plaintiff's Human Rights complaint was dismissed on October 18, 2012, with a finding that plaintiff was terminated because of unsatisfactory job performance and not his race. (Def. MSJ Exh. B, Dkt. No. 76-8, pp. 2-3).

### B. Procedural History

Plaintiff commenced this action on March 4, 2013, alleging employment discrimination under Title VII, as well as defamation and intentional infliction of emotional distress under New York state law against SRS and the Albany Store Director, Dominic Ausanio. (Compl., Dkt. No. 1). Defendants SRS and Ausanio filed a pre-answer motion to dismiss plaintiff's state law claims (Dkt. No. 22), which was granted, leaving only the Title VII claim against SRS. (Dkt.

---

[6] In his unsworn response to the summary judgment motion plaintiff denies that he engaged in any sexual harassment or threatening behavior towards Ms. Stiles; plaintiff states that they were having a consensual sexual relationship outside of work. (Pl. Response, ¶¶ 11-14).

No. 47).[7] Plaintiff filed a Notice of Appeal regarding the decision (Dkt. No. 55), which the Court of Appeals for the Second Circuit dismissed *sua sponte* for lack of jurisdiction. (Dkt. No. 66). SRS moved for summary judgment on May 16, 2014 (Dkt. No. 76), and that motion is currently pending before the Court.[8]

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248; *see also Jeffreys v. City of New York,* 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322; *see also Selevan v. N.Y. Thruway Auth.,* 711 F.3d 253, 256 (2d Cir. 2013) (summary judgment appropriate where the nonmoving party fails to "come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim") (internal quotation marks omitted).

---

[7] Plaintiff's Title VII claim against Ausiano was previously dismissed *sua sponte* because Title VII does not provide for individual liability. (Dkt. Nos. 9, 47 at n.1).
[8] This matter was reassigned to the undersigned by Order of Chief Judge Gary L. Sharpe on December 29, 2014. (Dkt. No. 85).

7

If the moving party meets this burden, the nonmoving party must "set forth specific facts showing a genuine issue for trial." *Anderson,* 477 U.S. at 248; *see also Celotex,* 477 U.S. at 323-24; *Wright v. Goord,* 554 F.3d 255, 266 (2d Cir. 2009). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986) (quoting *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985)). Furthermore, "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir. 1995) (internal quotation marks and citations omitted)).

"When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). Moreover, where plaintiff proceeds *pro se*, the Court must read his submissions liberally and interpret them "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). However, a *pro se* party's "'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Jordan v. New York*, 773 F. Supp. 2d 255, 268 (N.D.N.Y 2010) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)); *see also Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y 2011).

## IV. DISCUSSION

Defendant SRS contends that it is entitled to judgment as a matter of law on plaintiff's Title VII employment discrimination claims because there is no evidence to support a reasonable inference that SRS discriminated against plaintiff because of his race. *See* Defendant's Brief in Support of Its Motion for Summary Judgment, Dkt. No. 76-3, p. 16. Title VII states that it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual…because of such individual's race, color, sex, or national origin." 42 U.S.C. §2000e-2(a)(1) (2014). In order to survive a motion for summary judgment, a Title VII plaintiff must satisfy the three-part burden-shifting test set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792, 802 (1973); *see also Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142-43 (2000).

Plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination. *Ruiz v. County of Rockland*, 609 F.3d 486, 491-492 (2d Cir. 2010). Plaintiff's burden of proof is *de minimis* at this stage. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000).

If the plaintiff succeeds in showing a *prima facie* case of discrimination, a presumption of discrimination arises, and the burden shifts to the defendant to demonstrate some legitimate, nondiscriminatory reason for the adverse decision or action. *McDonnell Douglas Corp.*, 411 U.S. at 802; *Ruiz*, 609 F.3d at 492. If the defendant provides such a reason, the presumption of discrimination created by the *prima facie* case drops out of the analysis, and the defendant "will be entitled to summary judgment…unless the plaintiff can point to evidence that reasonably

supports a finding of prohibited discrimination." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). In other words, the plaintiff "must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a ***pretext*** for discrimination." *Reeves*, 530 U.S. at 143 (emphasis added). The Court will consider whether plaintiff has satisfied each part of the test, in turn.

### A. Plaintiff's *Prima Facie* Case of Discrimination

It is undisputed that plaintiff, an African-American, is a member of a protected class. (McCaskill Dep., p. 28). It is also undisputed that plaintiff suffered an adverse employment decision or action in that his employment was terminated. (Def. SMF, ¶¶ 15-16; *see also* Pl. Response, ¶¶ 15-16). Plaintiff thereby satisfies the first and third requirements for a *prima facie* case. In order to meet the second requirement, plaintiff must show that he was performing his duties satisfactorily at the time of his termination. *Jaiyeola v. Carrier Corp.*, 562 F. Supp. 2d 384, 388-389 (N.D.N.Y 2008) (citing *Farias v. Instructional Sys.*, 259 F.3d 91, 98 (2d Cir. 2001)). Plaintiff alleges that SRS management "never said anything bad about my work performance," and that one employee told plaintiff that he "was doing a good job." (Compl., ¶ 8). SRS meanwhile contends that plaintiff "was having trouble understanding how to tag prices and place items in the correct location on the shelves," and "was not greeting customers and did not ask customers if they needed his help." (Def. SMF, ¶¶ 9-10). For purposes of this Court's decision, however, it is immaterial whether plaintiff can factually establish satisfactory job performance because he is unable to meet the fourth requirement for a *prima facie* case—that his termination took place under circumstances giving rise to an inference of discrimination.

Plaintiff did not articulate any facts which would support an inference of discrimination when he was deposed by SRS and specifically questioned regarding the basis for his claim. (*See*

McCaskill Dep., pp. 19-22 (explaining that he filed the complaint because "he felt" that he was being discriminated against)). In his response to the summary judgment motion, plaintiff appears to argue that his termination was motivated by racial discrimination because, *inter alia*, he overheard a derogatory racist remark directed towards him by SRS employees. (Pl. Response, ¶ 17).

It is well-established that the circumstances which may give rise to an inference of discrimination include "remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus." *Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996); *see also Ostrowski v. Atlantic Mut. Ins. Cos.*, 968 F.2d 171, 182 (2d Cir. 1992). SRS argues that plaintiff's assertion that he overheard a derogatory racist remark cannot create a genuine issue of material fact because it is directly contradicted by his sworn deposition testimony. (Dkt No. 78, pp. 5-7). Plaintiff testified at his deposition that no one used racist or derogatory terms toward him during his employment with SRS, (*see* McCaskill Dep., p. 21); plaintiff presently asserts that he "overheard two employees talking" and that one of them called him "a stupid ass nigger." (Pl. Response, ¶ 17). To explain the contradiction, plaintiff asserts that he "was not thinking clearly" at the time of his deposition. (Sur-Reply, ¶ 2).

Plaintiff cannot create an issue of fact as to whether a discriminatory comment was made by submitting an affidavit which contradicts his own prior testimony. *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 213 (2d Cir. 2014) ("plaintiffs may not create material issues of fact by submitting affidavits that dispute their own prior testimony"); *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) ("factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts

her own prior deposition testimony"); *Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572 (2d Cir. 1991).

But even if plaintiff's new allegation was in admissible form as an affidavit, and did not contradict his deposition testimony, the Court finds that the alleged comment is the type of "stray remark" which fails to support an interference of discrimination because it has no connection with plaintiff's termination. *See Bobo v. Wachovia Sec. L.L.C.*, No. 1:07-CV-01056, 2010 U.S. Dist. LEXIS 27378, at *23, 2010 WL 1186455, at *8 (N.D.N.Y Mar. 23, 2010) ("stray remarks, 'without more, cannot get a discrimination suit to a jury.'") (citing *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998)). In general, stray remarks are those made "in the workplace by persons who are not involved in the pertinent decisionmaking process." *Ostrowski*, 968 F.2d at 182. Further, "the more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination." *Tomassi v. Insignia Fin. Group, Inc.*, 478 F.3d 111, 115 (2d Cir. 2007).

Plaintiff has failed to adduce any evidence from which a fact-finder could infer a connection between the alleged discriminatory remark and the decision to terminate his employment. First, plaintiff has not identified who made the remark or exactly when it was made. Even assuming that it was made by an SRS employee, there is no indication that the employee had anything to do with the decision to terminate plaintiff's employment. Plaintiff alleges that he overheard the comment while he was "in the cooler" (Pl. Response, ¶ 7); there is no evidence that the remark was made in an official setting such as a performance review. There is also no evidence connecting the remark to Mr. Ausanio, the Albany Store Director who informed plaintiff of the termination decision. There is no evidence that SRS management and decision-makers made any derogatory comments towards plaintiff. In addition, plaintiff alleges

12

that this comment was made at the Hudson store, whereas he was working at the Albany store at the time of his termination. (Def. SMF, ¶ 7; Pl. Response, ¶ 7; McCaskill Dep., p. 9). Thus, the remark was also physically and temporally distanced from the decision to terminate plaintiff's employment. Accordingly, no reasonable fact-finder could conclude that the alleged discriminatory comment made against plaintiff supports an inference of discrimination.

A showing of disparate treatment may also support an inference of discrimination, if plaintiff can demonstrate that his employer treated him "less favorably than a similarly situated employee outside his protected group." *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003). An employee is similarly situated to other employees if they were (1) "subject to the same performance evaluation and discipline standards" and (2) "engaged in comparable conduct." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). "[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical." *Id*. In other words, the fellow employee used for comparison must be similarly situated to the plaintiff "in all material respects." *Shumway v. United Parcel Serv., Inc*., 118 F.3d 60, 64 (2d Cir. 1997).

After thoroughly reviewing the record, the Court can find no evidence that SRS treated Caucasian employees with poor job performance and complaints of sexual harassment any more favorably than plaintiff. In his deposition testimony plaintiff asserted that "Matt," a Caucasian supervisor, was treated more favorably because he was not terminated despite being caught "throwing a football" in the store. (McCaskill Dep., p. 28). Even if the Court accepts as true this assertion regarding "Matt," which is not documented in the record, plaintiff has failed to show that he was similarly situated: "Matt" was apparently a supervisor while plaintiff was a part-time probationary clerk, and "Matt" was allegedly accused of throwing a football on the job while

plaintiff was accused of poor job performance and violating SRS's policies concerning sexual harassment and threats of violence.

In his response to the summary judgment motion, plaintiff asserted that Caucasian SRS employees were not terminated despite complaints of harassment. (Pl. Response, ¶ 18). Plaintiff named co-workers Jezsire Garlan, Shawntel Harlee, and Maurice Adams as examples. (*Id*.). These assertions of disparate treatment are completely unsubstantiated. Plaintiff adduces no evidence that Ms. Garlan or Ms. Harlee were accused of harassment, sexual or otherwise. In fact, it appears that they both filed sexual harassment complaints against Mr. Adams. (*See* "Exhibits" to Pl. Response, Dkt. No. 77, pp. 11-14, 18-20; Dkt. No. 78, pp. 9-10). Nor has plaintiff adduced evidence which would support a disparate treatment claim based upon SRS's treatment of Mr. Adams. First, Mr. Adams was African-American and not Caucasian, and therefore within the same protected group as plaintiff. (Exhibit to Pl. Response, Dkt. No. 77, p. 10; Dkt. No. 78, p. 9). There is no evidence that Mr. Adams had poor work performance or violated SRS's policies concerning threats of violence. Moreover, it is undisputed that Mr. Adams was terminated as a result of the sexual harassment complaints. (Exhibit to Pl. Response, Dkt. No. 77, p. 20; Dkt. No. 78, p. 10). Thus, even viewing the facts in the light most favorable to plaintiff, there is no evidence from which a jury could find that plaintiff was subjected to disparate treatment sufficient to support an inference of discrimination.

Accordingly, plaintiff has provided no evidence that his termination occurred under circumstances giving rise to an inference of discrimination. Based upon a thorough review of the record, plaintiff has demonstrated nothing more than his own subjective belief and feeling that he was discriminated against, "which is not enough to make out a prima facie discrimination case under Title VII." *Gibbs v. Metro. Transp. Auth.*, No. 13-CV-1583, 2014 U.S. Dist. LEXIS

159093, at *14, 2014 WL 5842833, at *5 (E.D.N.Y. Nov. 12, 2014); *see also Ogindo v. Defleur*, No. 07-CV-1322, 2010 U.S. Dist. LEXIS 6478, at *23, 2010 WL 410374, at *8 (N.D.N.Y Jan. 22, 2010) ("personal assumptions, conclusions, and subjective beliefs" insufficient to show discriminatory motive); *Bickerstaff v. Vassar College*, 196 F.3d 435, 456 (2d Cir. 1999) ("feelings and perceptions" of being discriminated against "are not evidence" of discrimination); *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) ("[E]ven in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment.").

  B. **Defendant's Non-Discriminatory Reasons for Termination**

Even assuming that plaintiff could make out a *prima facie* case of discrimination, defendant SRS has provided legitimate non-discriminatory reasons for terminating plaintiff's employment, namely his poor job performance and the allegation against him of sexual harassment. Defendant's burden at this stage is to "clearly set forth, through the introduction of admissible evidence, reasons for its actions which, *if believed by the trier of fact*, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (internal quotation marks omitted). SRS has met this burden.

In his sworn statement, SRS Albany Store Director Dominic Ausanio stated that the "training teams" informed him that plaintiff "was having trouble understanding how to tag prices and place items in the correct locations on the shelves." (Ausanio Cert., ¶ 7). Mr. Ausanio also stated that he "personally observed plaintiff's poor work performance," explaining that "[d]espite being trained in professional customer relations" plaintiff "did not greet customers and did not ask customers if they needed help." (*Id*., ¶ 8). Moreover, SRS Human Resource Coordinator

15

Shannon DeFreese stated that plaintiff's co-worker Melissa Stiles reported him for sexual harassment, and complained that plaintiff made lewd advances; "described the sexual things he wanted to do to her;" and even threatened her physically. (DeFreese Cert., ¶¶ 4-6). According to Ms. DeFreese, SRS decided to terminate plaintiff's employment based on his "violation of SRS' policies concerning Harassment and Threats of Violence and the negative feedback received by Mr. Ausanio concerning McCaskill's job performance." (*Id.*, ¶ 10).

Therefore, SRS sustained its burden of providing non-discriminatory reasons for terminating plaintiff's employment because poor performance and misconduct are well-recognized legitimate grounds for termination. *See Gregory v. Daly*, 243 F.3d 687, 696 (2d Cir. 2001) ("An employer's dissatisfaction with even a qualified employee performance may, of course, ultimately provide a legitimate, non-discriminatory reason for the employer's adverse action."); *Morris v. Charter One Bank*, 275 F. Supp. 2d 249, 256 (N.D.N.Y. 2003) (holding that an employer's cited reason for termination—poor sales performance—was legitimate and non-discriminatory); *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010) ("[M]isconduct may certainly provide a legitimate and non-discriminatory reason to terminate an employee.") (quoting *Owens v. New York City Hous. Auth.*, 934 F.2d 405, 409 (2d Cir. 1991)).

### C. Were Defendant's Reasons for Termination Pretextual

Since defendant SRS has shown legitimate non-discriminatory reasons for terminating plaintiff's employment, the burden returns to plaintiff to come forward with evidence that the reasons cited are "mere pretext for actual discrimination." *See McDonnell Douglas*, 411 U.S. at 804; *Weinstock*, 224 F.3d at 42. Plaintiff must produce "sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons" presented by the defendant were false, and that "more likely than not discrimination was the real reason for the employment

action." *Weinstock*, 224 F.3d at 42 (internal quotation marks and alterations omitted). "In short, the question becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination." *Id*. "[I]t is not enough…to disbelieve the employer; the factfinder must [also] believe the plaintiff's explanation of intentional discrimination." *St. Mary's Honor Ctr.*, 509 U.S. at 519 (emphasis omitted).

Plaintiff argues that defendant's reason for terminating his employment was not related to job performance because he was a good employee, did nothing wrong, and never directly received any negative feedback. (Pl. Response, ¶¶ 8-10). However, he has cited no evidence to demonstrate that SRS's legitimate, non-discriminatory reason was pretextual. Plaintiff simply disagrees with SRS's evaluations of his performance. However, a plaintiff's "subjective belief that he was a better performer than his supervisor believed him to be is insufficient to prove pretext." *Jaiyeola v. Carrier Corp.*, 562 F. Supp. 2d 384, 390 (N.D.N.Y. 2008), *aff'd*, 350 F. App'x 583 (2d Cir. 2009); *see also McLee v. Chrysler Corp.*, 109 F.3d 130, 135 (2d Cir. 1997) (finding that the plaintiff's rationalizations for his deficiencies did not create any genuine issue of material fact regarding the employer's legitimate explanation that plaintiff had unsatisfactory job performance); *Ricks v. Conde Nast Publ'ns, Inc.*, 92 F.Supp.2d 338, 346 (S.D.N.Y. 2000) ("The mere fact that an employee disagrees with her employer's assessment of her work, however, cannot, standing on its own, show that the employer's asserted reason for termination was pretextual.").

Nor can plaintiff show that the alleged misconduct cited by SRS was a mere pretext. Even if plaintiff had presented admissible evidence that the allegations of sexual harassment against him were false, there is no evidence from which a fact-finder could infer that the real reason for his termination was discrimination. Ultimately, it does not matter if the complaint by

Ms. Stiles was true or false, because defendant's decision to terminate plaintiff need not be correct or even fair—it simply cannot be discriminatory. *See McPherson v. N.Y.C. Dep't. of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case…we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what 'motivated the employer.'") (emphasis omitted) (quoting *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983); *Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 111 (S.D.N.Y. 2009) ("Where a plaintiff has been terminated for misconduct, the question is not whether the employer reached a correct conclusion in attributing fault to the plaintiff, but whether the employer made a good-faith business determination.") (internal quotations omitted).

In sum, plaintiff has failed to present any evidence that defendant's cited reasons for terminating his employment, poor performance and alleged misconduct, were pretextual and not legitimate bases for a non-discriminatory business decision. Even after scouring the record and construing all the evidence in the light most favorable to plaintiff, the Court finds no issue of material fact as to plaintiff's Title VII claim, and accordingly, concludes that no rational jury could find that defendant's decision to terminate plaintiff's employment was motivated by racial discrimination.

## V. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendant's motion for summary judgment (Dkt. No. 76) is **GRANTED;** and it is further

**ORDERED** that plaintiff's complaint against ShopRite (Dkt. No. 1) is **DISMISSED;** and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**.

Dated: January 30, 2015

Brenda K. Sannes
U.S. District Judge